UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIE RODGERS,

        Plaintiff

  v.

CALLAWAY GOLF OPERATIONS, INC.;
LOCAL 1851, INTERNATIONAL
BROTHERHOOD OF BOILERMAKERS,
IRON SHIP BUILDERS, BLACKSMITHS,
FORGERS AND HELPERS, AFL-CIO;
KENNETH MONGEAU;
STEVEN LAPERIERRE [SIC]; and
ROBERT BOURDEAU,

        Defendants

Civil Action 10-cv-_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, Defendants Local 1851 of the International Brotherhood of Boilermakers ("Local 1851"), Kenneth Mongeau ("Mongeau") and Steven Lapierre ("Lapierre") (collectively, "the Union"), by and through counsel, hereby give notice of the removal of this action on the basis of federal question jurisdiction from the Superior Court of Hampden County to the United States District Court of the District of Massachusetts. In support of this removal, Defendants respectfully show:

    1.    The above entitled action was commenced in the Superior Court for the County of Hampden, Commonwealth of Massachusetts and is now pending in that court. Process was

served on the petitioner and first received by the petitioner on November 3, 2010. Copies of the State Court pleadings and process are attached hereto as Exhibits A to C.

2. Defendant Local 1851 is a labor organization that represents employees employed by Defendant Callahan Golf Operations, Inc. ("Callahan"), including Plaintiff Willie Rodgers ("Rodgers") when he was employed by Callahan. Compl., ¶ 4.

3. Defendant Mongeau is the Business Agent for Local 1851. Compl., ¶ 9.

4. Defendant Lapierre is President of Local 1851. Compl., ¶ 10.

5. Rodgers alleges that Local 1851 held an election for union stewards on Dec. 17, 2009, on company property. Compl., ¶ 9. Rodgers further alleges that he made "disparaging comments" concerning Local 1851 and Mongeau. Compl., ¶ 9. As a result, Rodgers alleges that Mongeau and Lapierre reported these disparaging comments to Callaway and Defendant Robert Bourdeau ("Bourdeau"), who is Callaway's director of human resources. Compl., ¶ 10.

6. Rodgers brings one count against Local 1851, Mongeau and Lapierre, for race discrimination under M.G.L. c. 151B (Count II). Rodgers brings and two additional counts against Mongeau and Lapierre. One is for "malicious interference with employment and with plaintiff's prospective economic advantage" (Count III). Compl., ¶¶ 21-23. The second claim is for "conspiracy … to interfere maliciously with Plaintiff's employment relationship … and with Plaintiff's prospective economic advantage" (Count IV). Compl., ¶¶ 24-26.

7. Count II of Rodgers' complaint alleges that Local 1851, and its president and business manager, discriminated against Rodgers because of race. Although a federal claim may be brought against a union that discriminates against a member on the basis of race, state law claims alleging discrimination are preempted by the National Labor Relations Act, 29 U.S.C. § 158 ("NLRA"). Discrimination by a labor union such as Local 1851, or its agents, on the basis

of race (or gender, handicap, etc.) is conduct prohibited by the NLRA as a breach of a union's duty of fair representation. <u>Steele v. Louisville and Nashville R.R.</u>, 323 U.S. 192, 204 (1944) (holding that NLRA requires a union to represent members of all races "fairly, impartially, and in good faith.") The First Circuit has reiterated the longstanding principle that "when conduct is either 'arguably protected' by § 7 or 'arguably prohibited' by § 8 of the NLRA, 'the states as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted' … and the state courts are [therefore] <u>permanently</u> divested of jurisdiction over the controversy." <u>Local Union No. 12004, United Steelworkers of Am. v. Massachusetts</u>, 377 F.3d 64, 78 (1st Cir. 2004) (emphasis in original) (quoting <u>San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon</u>, 359 U.S. 236 (1959)).

  8. A claim alleging conduct that is in fact a claim for the breach of a union's duty of fair representation, such as one under Chapter 151B, "works an exception to the well-pleaded complaint rule … Because federal law completely governs the duties owed by an exclusive collective bargaining representative to those within the bargaining unit, and because this manifestation of congressional will so closely parallels Congress's intentions with regard to section 301, we hold that a district court possesses federal question jurisdiction when a complaint, though garbed in state-law raiment, sufficiently asserts a claim implicating the duty of fair representation." <u>BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4</u>, 132 F.3d 824, 831-32 (1st Cir. 1997). Therefore, Rodgers' claim under Ch. 151B is completely preempted and subject to removal as a federal question. <u>Local Union No. 12004, United Steelworkers of Am. v. Massachusetts</u>, 377 F.3d 64

(1st Cir. 2004); <u>Chaulk Services, Inc. v. Mass. Comm'n Against Discrimination</u>, 70 F.3d 1361 (1st Cir. 1995).

9. Additionally, state-law claims that require the interpretation of a collective bargaining agreement are also subject to the complete preemption exception to the well-pleaded complaint rule. Counts III and IV allege "malicious interference with employment and with plaintiff's prospective economic advantage," and conspiracy to do the same, against defendants Mongeau and Lapierre. A claim for malicious interference with employment is a claim that a third party has interfered with one's contract of employment. <u>Zimmerman v. Direct Fed. Credit Union</u>, 262 F.3d 70, 76 (1st Cir. 2001); <u>Harrison v. NetCentric Corp.</u>, 433 Mass. 465, 477 (2001). In the non-union sector, such a claim involves an analysis of the interference with the at-will employment contract. <u>Id.</u> But the terms and conditions of employment for unionized employees are determined according to the collective bargaining agreement, not the at-will contract. <u>Troconis v. Lucent Technologies, Inc.</u>, 160 F. Supp. 2d 150, 156 (D. Mass. 2001) ("the only contract of employment" that a unionized employee has with his employer "is the one established by the CBA").

10. The question of "[w]hether the individual defendants in fact, through their alleged acts of harassment, violated duties imposed by the CBA …would manifestly require interpretation of the CBA." <u>Troconis</u>, 160 F. Supp. 2d at 156 (claim for malicious interference with employment preempted by federal law). Therefore, Plaintiff's state-law malicious interference claims are completely preempted by Section 301 of the Labor-Management Relations Act, 29 U.S.C. 185 (a), and subject to removal as a federal question. <u>O'Donnell v. Boggs</u>, 611 F.3d 50, 54 (1st Cir. 2010) ("No Supreme Court decision has addressed directly preemption of tortious interference claims under section 301, but many federal courts of appeals

4

have done so, and a number including our own have found certain such claims preempted under section 301 where deciding them would require the court to interpret a CBA.") (citing cases); see also Anderson v. Aset Corp., 329 F. Supp. 2d 380, 382-83 (W.D.N.Y. 2004) aff'd, 416 F.3d 170 (2d Cir. 2005) (in tortious interference case, "plaintiff would have to show that defendant induced (or conspired to induce) [the employer] to breach his employment contract. That contract is the CBA. Accordingly, resolution of plaintiff's claims would require interpretation of the CBA, and those claims are therefore preempted by the LMRA."). Because determination of Plaintiff's claim for malicious interference and conspiracy requires interpretation of the Collective Bargaining Agreement, Counts III and IV are completely preempted by Section 301 of the LMRA and subject to removal as a federal question.

11. By virtue of this Court's original jurisdiction, this case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) & (b).

12. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon petitioner are attached hereto and filed herewith. Defendants are also filing a Notice of Removal with the Clerk for the Superior Court of Hampden County, Massachusetts, and is serving a copy of the Notice upon Plaintiff, as stated in the attached certificate of service.

13. Defendants Callaway Golf Operations, Inc. and Robert Bourdeau consent to the removal of this action.

WHEREFORE, Defendants Local 1851, Mongeau and Lapierre herewith give notice that the above action now pending against them in the Superior Court for the County of Hampden, Commonwealth of Massachusetts, Docket No. 10-939, is and shall be removed from the state court to this court.

        Respectfully submitted,

        LOCAL 1851, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL-CIO; KENNETH MONGEAU; AND STEVEN LAPIERRE SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 615

        By their attorneys,

        /s/ Mary T. Sullivan
        Mary T. Sullivan, Esq., BBO# 487130
        James A.W. Shaw, Esq., BBO# 670993
        SEGAL ROITMAN, LLP
        111 Devonshire St., 5th Floor
        Boston, MA 02109
        Phone: (617) 742-0208
        Fax: (617) 742-2187
        E-mail: msullivan@segalroitman.com
        jshaw@segalroitman.com

Dated: November 19, 2010

## CERTIFICATE OF SERVICE

        I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 19, 2010. Paper copies will also be sent to Plaintiff's counsel on November 19, 2010, by First Class Mail.

| | |
|---|---|
| Willie Rodgers | Callaway Golf Operations, Inc. |
| c/o Ronald E. Gregson | Robert Bourdeau |
| Ronald E. Gregson, P.C. | c/o Jay M. Presser, Esq. |
| Legacy Bank Building | Skoler, Abbott & Presser, P.C. |
| 25B Main Street | One Monarch Place |
| Lenox, MA 01240 | Suite 2000 |
| | Springfield, MA  01144 |

        /s/ Mary T. Sullivan
        Mary T. Sullivan