UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE RODGERS,<br><br>                Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF OPERATIONS, INC.[1]; LOCAL 1851, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL-CIO; KENNETH MONGEAU; STEVEN LAPERIERRE (SIC); and ROBERT BOURDEAU,<br><br>                Defendants. | CIVIL ACTION NO. 3:10-cv-12009-KPN<br><br>**ROBERT BOURDEAU'S<br>MOTION TO DISMISS** |

      Now comes Defendant Robert Bourdeau and, pursuant to Rule 12(b) moves for dismissal of the Complaint against him for failure to state a claim against which relief may be granted. The reasons in support of this motion are set forth in the accompanying Memorandum of Law.

      In brief, however, the only claim against Robert Bourdeau is based on M.G.L. Ch. 151B, and must be dismissed because Plaintiff did not file an administrative charge against Bourdeau. Thus, the Complaint and/or the public

---

[1] The Complaint incorrectly names Plaintiff's former employer as Callaway Golf Operations, Inc.

records of the MCAD proceedings, [2] true and accurate copies of which are being submitted with this Motion, reflect as follows:

1. Plaintiff, represented by his current counsel Ronald E. Gregson, filed an administrative charge of discrimination with the MCAD on or about June 8, 2010. (Ex. 1)

2. The charge named Callaway Golf Ball Operations, Inc. and Local 1851, International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO ("Union") as Respondents. It did not name Bourdeau as a Respondent. Id.

3. Nor was Bourdeau referenced, by name, in the narrative of the charge, although the narrative does reference the actions of the "Human Resource Manager. Id."

4. The instant Complaint alleges that Bourdeau was Defendant Callaway's "Director Human Resources" (Complaint ¶10)[3].

5. The administrative charge was served on Defendant Callaway on or about June 22, 2010. (Ex, 2)

---

[2] The court may review the MCAD pleadings without treating the motion as one under Rule 56. Fant v. New England Power Service Co. 239 F.3d 8, 12 (1st Cir. ,2001). *See also,* Chatman v. Gentle Dental Ctr., 973 F.Supp. 228, 232 (D.Mass.1997). This is particularly true when the Complaint fails to plead compliance with the administrative prerequisites, since to do otherwise would be to "place form over substance". Stewart v. Kuligowska  28 F.Supp.2d 690, 692 (D.Mass.,1998).

[3] While such allegations are generally deemed true for purposes of a Motion to Dismiss, the Defendant does not wish to prevail by misleading the court. While, for purposes of this motion, Bourdeau's title is not significant, but Defendants represent that Bourdeau was not a director, but was a manager. Thus, the narrative of the charge can, for purposes of this motion, be presumed to refer to Bourdeau notwithstanding the allegations of ¶10 of the Complaint.

6. On or about July 12, 2010, Defendant Callaway filed a Statement of Position with the MCAD. The factual assertions contained in said "Statement of Position" were verified by Ronald J. Tomasauckas, Director of Human Resources & Labor Relations. (Ex. 3)

7. On August 11, 2010, without having amended the charge to name Bourdeau, Plaintiff withdrew the charge for purposes of filing a civil Complaint. (Ex. 4)

8. On or about August 31, 2010, the MCAD notified counsel for the Union and Counsel for Callaway that the charge was dismissed. (Ex. 5)

Since he was never named in any administrative charge, any civil action against Bourdeau is fatally defective and should be dismissed. *See, e.g.* Singleton v. Sinclair Broadcast Group, Inc., 660 F.Supp.2d 136, 147 (D. Mass. 2009).

Respectfully submitted,

 /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendants
Callaway Golf Ball Operations, Inc.
and Robert Bourdeau
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Tel.: (413) 737-4753
Fax: (413) 787-1941

Dated:  November 23, 2010

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of Robert Bourdeau's *Motion to Dismiss* was served upon the attorney of record for each other party via electronic filing on November 23, 2010.

                                             /s/ Jay M. Presser, Esq.
                                            Jay M. Presser